UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                   **MEMORANDUM & ORDER**
                   20-CR-524(GRB)

  -against-

JUAN RAMON GUZMAN,
  also known as Ramon Cabrera,

        Defendant.
------------------------------------------------------------------X

**GARY R. BROWN, United States District Judge:**

On June 10, 2022, this Court sentenced the defendant herein to a term of 60 months incarceration following his conviction upon a plea of guilty to illegal entry after removal in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Though the issue was discussed at the plea, it was the Government's position throughout these proceedings that defendant's prior conviction was an aggravated felony, and thus a 20-year statutory maximum applied. By the time of sentencing, the defendant adopted this position. Following an appeal of that sentence, by Summary Order, dated November 2, 2023, the Second Circuit remanded this matter, ordering as follows:

> [T]he parties agree that the statutory maximum for Guzman's current conviction was 10 years, not 20. It is not clear from the record whether this error influenced the district court's consideration of the seriousness of the offense in imposing the 60-month sentence. We therefore remand under the procedures adopted in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). The district court is directed to clarify whether the mistaken 20-year statutory maximum affected its sentencing decision. If it did not, the error would be harmless. *See, e.g.*, *United States v. Solis*, 18 F.4th 395, 401 (2d Cir. 2021). If the error did affect the sentence, the district court may vacate the judgment and re-sentence Guzman. No later than ten days after the district court's supplementation of the record, either party may restore the matter to the active docket of this Court by filing a letter. If either party seeks further action from this Court, the matter will be referred to this panel.

1

*United States v. Guzman*, No. 22-1321, 2023 WL 7212159, at *1 (2d Cir. Nov. 2, 2023). The simple answer to that inquiry is no, the 20-year statutory maximum did not affect this Court's consideration of the seriousness of the offense and the imposition of a 60-month sentence. Unfortunately, due to shifting positions of the parties, more than that simple answer may be required. Furthermore, since the Court of Appeals anticipated a potential restoration of this case to its docket, a fuller record might assist in the resolution of any further appellate issues.

**Background**

The defendant was initially arrested upon an affidavit and complaint in support of an application for an arrest warrant, filed March 11, 2020, charging him with illegally reentering the country following removal and "after a conviction for the commission of an aggravated felony." DE 1 at 1. As part of the factual background, that affidavit set forth that:

> On or about June 11, 1994, the defendant JUAN RAMON GUZMAN, also known as "Ramon Cabrera," was arrested by the Houston, Texas Police Department, and charged with burglary of a motor vehicle with intent to commit theft, a third degree felony, in violation of Texas Penal Code § 30.04. The defendant pled guilty to this charge, and was subsequently sentenced on or about April 15, 1996 in the 185th Criminal District Court, Harris County, Texas to a term of five years' imprisonment. This conviction is a felony conviction under Texas law, and is an "aggravated felony," pursuant to 8 U.S.C. § 1101(a)(43)(G).

DE 1 ¶ 3. A grand jury sitting in this district indicted the defendant for illegal reentry "after a conviction for the commission of an aggravated felony." DE 5 at 1. In May 2021, the Government provided defendant with a *Pimental* "Plea Penalty Sheet" (in lieu of a plea agreement), "to advise the Court of the penalties the defendant faces upon pleading guilty to the above-captioned Indictment." DE 14 at 1. That document provided for a 20-year statutory maximum and set forth an estimated USSG offense level of 23, with a recommended sentencing range of 51 to 63 months at Criminal History Category II. *Id.* at 1-2.

On June 3, 2021, the Court held a change of plea hearing. DE 15. During the plea hearing (the transcript of which may not have been filed before the appeal), to ensure that the defendant was fully aware of the potential consequences of the plea, the Court and counsel engaged in lengthy colloquy concerning whether the defendant's prior conviction qualified as an aggravated felony and its impact on the statutory maximum. Tr. of Plea Hearing at 12-20. Ultimately, upon consent, the Court advised the defendant of the possibility of a 20-year statutory maximum and proceeded to accept the plea, with defense counsel reserving its right to examine and raise the issue should it decide that there was a question about the prior conviction following review of the Presentence Investigation Report ("PSR"). Tr. of Plea Hearing at 15, 20-29.

The Probation Department's PSR noted defendant's Texas conviction, observing that the conviction "is an 'aggravated felony,' pursuant to 8 U.S.C. § 1101(a)(43)(G)," which provides that a conviction for a theft offense constitutes an aggravated felony. DE 18 ¶ 4. The PSR described the facts as follows:

> On June 11, 1994, the defendant was arrested by the Houston Police Department, in Houston, Texas, and charged with burglary of a motor vehicle with intent to commit theft, a third-degree felony, in violation of Texas Penal Code Section 30.04. The defendant pled guilty to the charge, and he was sentenced to five years imprisonment on April 15, 1996.

*Id.* Counsel for defendant filed an objection to the PSR contesting exactly when the defendant returned to the U.S., adding that "the correct advisory guideline range is 57 to 71 months." DE 23. Nothing was raised concerning the determination that his Texas conviction constituted an aggravated felony. *See id.* At the sentencing hearing on June 3, 2023, though counsel argued about certain reductions to the Criminal History Category (which the Court adopted), ultimately defense counsel and the Government agreed that the defendant faced a Guidelines Level 23 at

3

Criminal History Category IV, with a recommended sentencing range of 70-87 months. DE 36 "Tr. of Sentencing") 9-10. Thus, with the consent of counsel, the Court adopted the PSR, including the advisory USSG range, and the 20-year statutory maximum. *Id.* at 9-11.

The Texas conviction was not the only prior conviction that affected the sentence. "A prior conviction for attempted criminal possession of a weapon in the second degree under New York Penal Law section 265.03(3) factored into both Guzman's offense level and his criminal history category." *Guzman*, 2023 WL 7212159, at *1. The facts set forth in the PSR about that conviction, which occurred in 2019, include the following:

> According to the Suffolk County Police Department arrest report, on June 21, 2019, the defendant possessed cocaine with intent to sell. The report indicates that during the execution of a search warrant of the defendant's residence by HSI, the defendant possessed a "quantity of cocaine in excess of personal use and packaged in a manner consistent with street level drug sales," drug packaging, and a cell phone. At the time of his arrest, the defendant stated, "I understand my rights. I will talk to you but I will not sign any of your papers. I don't want my girl or son to get in trouble. The cocaine, gun, magazine and ammunition are mine."

DE 18 ¶ 27. Notwithstanding this background, both parties advocated for a below-Guidelines sentence.

The Court reviewed the sentencing factors, noting the defendant had a "terrible, terrible criminal history," while finding that most of it was "very old" and that there was an element of double-counting. Tr. of Sentencing at 19-20. Of particular concern was his 2019 New York conviction, which the Court found was "serious, serious conduct" and "a continuation of [his criminal] history." Tr. of Sentencing at 20-21. Nonetheless, weighing various individual factors, including family support, the Court imposed a below-Guidelines sentence of 60 months. Tr. of Sentencing at 21.

According to the Second Circuit's Summary Order,

4

> On appeal, Guzman argues that his prior conviction under that statute was unconstitutional under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and thus including that conviction overrepresented the seriousness of his criminal history. He also argues that the statutory maximum for his crime was 10, not 20, years and that the miscalculation impacted his sentence. [ ] Guzman did not raise either of his arguments before the district court, so we review for plain error.

*Guzman*, 2023 WL 7212159, at *1. In response, notwithstanding the assertions made in the criminal complaint, indictment, *Pimentel* letter, at the plea and at sentencing, the Government conceded error, noting that "the crime of vehicular burglary does not match the generic definition of burglary and, thus, was erroneously considered as an aggravated felony by Probation." *United States v. Guzman*, No. 22-1321 (2d Cir. *appeal filed* June 21, 2022), DE 43 ("Govt. App. Brief") at 10; *cf. Id.* at 12 (describing "the district court's error in miscalculating the statutory maximum sentencing range.").

Following the remand, the Court directed the parties to provide authority on several issues. In response, the Government again changed its position, advising that "the defendant's prior conviction for burglary of a motor vehicle with intent to commit theft constitutes an aggravated felony," noting that the "Government's appellate counsel . . . overlooked this issue on appeal." DE 33 at 4. Defense counsel maintains, however, that (1) the Texas conviction is not a theft offense, and therefore not an aggravated felony, and (2) the New York conviction is unconstitutional, and therefore the defendant's criminal history was overstated. DE 34 at 1.

As this gets a bit difficult to follow, below is a summary of the positions taken by the parties during the case:

5

**Shifting Positions of the Parties**

|  | Whether Texas Conviction Constituted an Aggravated Felony | | Whether New York Conviction was Unconstitutional and Resulted in Overstated Criminal History Considerations | |
|---|---|---|---|---|
|  | Government | Defendant | Government | Defendant |
| During Prosecution | Yes | Undetermined | n/a | n/a |
| At Sentencing | Yes | Yes | n/a | n/a |
| On Appeal | No | No | No | Yes |
| On Remand | Yes | No | No | Yes |

This opinion follows.

**Discussion**

The chief question before the Court remains that posed by the Second Circuit: whether, assuming the defendant's Texas conviction does not constitute an aggravated felony, did the presumptively erroneous 20-year statutory maximum affect the Court's sentence. At this juncture, a second issue is at least arguably before this Court, to wit: whether, assuming the unconstitutionality of his New York firearms conviction, did the considerations taken into account overstate defendant's criminal history such that it warrants resentencing.

*The Aggravated Felony Question*

It bears noting the position taken by both parties before the Circuit, and thereby adopted by the panel, that the defendant's Texas conviction is not a conviction for an aggravated felony appears to have been the result of improper legal analysis by counsel. That analysis, apparently predicated upon whether the Texas conviction matches the "generic definition of burglary,"

6

Govt. App. Brief at 17, appears inapposite. A conviction is deemed an aggravated felony under 8 U.S.C. § 1101(a)(43)(G) if it involves "a theft offense (including receipt of stolen property) *or* burglary offense for which the term of imprisonment [is] at least one year." (emphasis added).

Several courts have held that a conviction under the Texas statute at issue constitutes a theft offense and thus, an aggravated felony. *See, e.g.*, *United States v. Alfaro-Gramajo*, 283 F. App'x 677, 680–81 (11th Cir. 2008) (defendant's "conviction under Tex. Penal Code § 30.04 required both the intent to commit a theft and the breaking into and entering of an automobile, which constituted a substantial step toward committing a theft. Thus, [defendant's] prior offense qualifies as an attempted theft under the categorical approach of *Taylor* [and therefore] constitutes an aggravated felony"). Following the Supreme Court's decision in *Mathis v. United States*, the analysis used by the Eleventh Circuit would be better described as the modified categorical approach, but defendant's conviction would still appear to satisfy the requisites of an aggravated felony under current precedent. *See* 579 U.S. 500, 514–15 (2016).

However, the answer to the more limited question placed before the Court—whether the 20-year maximum relied upon in this case affected the sentence—is a resounding no. In crafting a below-Guidelines sentence in this case, the Court carefully reviewed the § 3553 factors, made an individualized determination and expressly balanced competing considerations. These included the offense conduct, community support and the defendant's appalling criminal record. As such, the Court made a considered judgment that a 60-month term of imprisonment was sufficient but not greater than necessary to effect the purposes of the sentencing scheme.

*Effect of Potential Unconstitutionality of Defendant's Firearm Conviction*

At this juncture, defendant argues that the decision of the Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022), issued subsequent

to his sentencing, renders his firearms conviction unconstitutional and, as a result, overstated his criminal history. Defendant was convicted under New York Penal Law § 265.03(3) which prohibits, *inter alia*, those convicted of a crime from possessing a weapon. Thus, his constitutional challenge to this conviction remains doubtful as, by its own terms, *Bruen*'s extension of the Second Amendment was expressly limited to "ordinary, law-abiding, adult citizens." *See generally id*. (containing eleven references to "law-abiding" citizens); *see also Giambalvo v. Suffolk Cnty.*, 656 F. Supp. 3d 374, 381 (E.D.N.Y. 2023) ("[S]ome things are beyond dispute. One is that rights to possess and carry handguns protected by the Second and Fourteenth Amendment are expressly limited to 'ordinary, law-abiding, adult citizens.'") (citing *Bruen*, 142 S. Ct. 2111); *United States v. Rampersant*, No. 1:21-CR-196(KAM), 2023 WL 8430564, at *5 (E.D.N.Y. Dec. 5, 2023) (denying defendant's argument that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him based on felony convictions, including one under N.Y. Penal Law § 265.03(3)) (citing *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013). Nevertheless, the effect of *Bruen* on a conviction under N.Y. Penal Law § 265.01 remains unresolved. *See United States v. Fortune*, No. 22-1179-CR, 2023 WL 6439886, at *2 (2d Cir. Oct. 3, 2023) ("Neither we nor the Supreme Court have addressed the constitutionality of N.Y. Penal Law § 265.01" post-*Bruen*).

Again, the question before this Court (assuming that there is a question properly presented) is far narrower.[1] Assuming that the New York conviction was deemed invalid, would that suggest that the considerations undertaken on sentencing overstated defendant's criminal history? The answer, again, is plainly no. Notwithstanding defendant's theoretical identification

---

[1] Though the New York firearms conviction substantially increased defendant's adjusted offense level and increased his criminal history score, the Circuit carefully circumscribed the purposes for which he could raise this issue, limiting defendant to the contention that the "conviction overstated the seriousness of his criminal history because it was, in his view, unconstitutional." *See Guzman*, 2023 WL 7212159, at 1 n.1.

8

of a legal infirmity undermining his New York conviction, the facts surrounding that event would remain. And those facts tread far beyond the limited confines of a criminal possession of a firearm. As noted in the PSR, in 2019, after his illegal reentry into this country following deportation and multiple criminal convictions, defendant was found in possession of a firearm and quantities of cocaine apparently packaged for resale. DE 18 ¶ 27. These facts may be considered by the Court in sentencing irrespective of whether they were subject of a conviction. *See, e.g.*, *United States v. Manson*, No. 13-CR-453 (GRB), 2022 WL 17737775, at *7 (E.D.N.Y. Dec. 16, 2022) (collecting cases and discussing the broad range of information fairly considered by sentencing judges, including "acquitted conduct").

Thus, the facts surrounding the defendant's conviction fully support the criminal history considerations underlying the 60-month term imposed. Indeed, this Court already reduced the sentence imposed to account for what it found to be an overstatement of the defendant's criminal history—including the effect of the New York conviction. Tr. of Sentencing at 20. Thus, no resentencing is warranted.

### Conclusion

The position of the parties at sentencing that defendant faced a 20-year maximum sentence had no effect upon this Court's imposition of a 60-month sentence in this case. Thus, resentencing is not required.[2]

**SO ORDERED.**

Dated: December 6, 2023　　　　　　　　　　　/s/ Gary R. Brown
　　　　Central Islip, New York　　　　　　　　HON. GARY R. BROWN
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[2] In its papers, the Government asks that the Court "reimpose" its sentence. DE 33 at 6. However, the Second Circuit's order provides that "[t]he district court is directed to clarify whether the mistaken 20-year statutory maximum affected its sentencing decision. If it did not, the error would be harmless. If the error did affect the sentence, the district court may vacate the judgment and re-sentence Guzman." *Guzman*, 2023 WL 7212159, at *1 (internal citations omitted).